UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MUHANUKA FABRICE,
Petitioner,
v.
ICE/DHS,
Respondents.

Case No.: 26-cv-5980-RSH-JLB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On October 20, 2026, petitioner Muhanuka Fabrice, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Respondents have filed a return. ECF No. 4. As set forth below, the Court denies the Petition.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

On May 22, 2024, Petitioner, a citizen of the Democratic Republic of the Congo, pleaded guilty to third degree criminal sexual conduct. ECF Nos. 4 at 1, 4-2. On May 20,

2026, Petitioner's asylum application was denied, and he was ordered removed from the United States. ECF No. 4-1. Petitioner appealed the decision. *Id.* On July 2, 2026, Petitioner received a bond hearing, and the immigration judge denied bond based on danger to the community. ECF No. 4-2. On September 23, 2026, Petitioner withdrew his appeal and his removal order became final. ECF No. 4-1.

Under 8 U.S.C. § 1231(a), the Attorney General "shall detain" a noncitizen during the 90-day removal period. *See* 8 U.S.C. §§ 1231(a), (b). After that removal period, the framework established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), applies. In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6), the statutory provision authorizing detention of a noncitizen subject to a final order of removal beyond the 90-day removal period, and concluded that the "statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. The Court held that after a six-month "presumptively reasonable period of detention," "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Petitioner's removal period began five weeks ago, he is in the 90-day removal period as provided by 8 U.S.C. § 1231.

Petitioner is subject to mandatory statutory detention and provides no basis for this Court to conclude that Petitioner's detention violates the U.S. Constitution or federal law. Accordingly, the Petition is **DENIED**.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: October 30, 2026

Robert S Huie

Hon. Robert S. Huie
United States District Judge